# CSM Legal, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510                                          Telephone: (212) 317-1200
New York, New York 10165                                          Facsimile: (212) 317-1620

June 30, 2022

**VIA ECF**
Hon. Ronnie Abrams
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

           Re:    Alejandro Rojas Martinez, et al v. East Side Pizza Corp., et al
                   Docket No.: 21-cv-05335 (RA)

Your Honor:

      This office represents Plaintiffs in the above-referenced matter. I write to respectfully request that the Court approve the settlement agreement ("the Agreement") reached by Plaintiffs and Defendants herein as "fair and reasonable." *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332 (S.D.N.Y. 2012). A copy of the Agreement is attached hereto as Exhibit A.

      Plaintiffs have agreed to settle their claims in this action against Defendants. Specifically, Plaintiffs and Defendants, and their respective counsel, have considered that the interests of all concerned are best served by compromise, settlement, and dismissal of these claims with prejudice, in exchange for the consideration set forth in the Agreement. The Agreement is the result of arms-length bargaining between experienced counsel and was reached during Court-annexed mediation. There was no fraud or collusion by Plaintiffs and Defendants during the settlement process. The Agreement reflects a desire by Plaintiffs and Defendants to fully and finally settle and compromise all of Plaintiffs' claims asserted in this case as outlined more specifically in the attached Agreement.

      Plaintiffs and Defendants have concluded that the Agreement is fair, reasonable, adequate, and in their mutual best interests. For these reasons, and based on the reasons set forth below, Plaintiffs respectfully request that the Court enter an Order approving the Agreement as fair and reasonable.

## I.    **Background**

      Plaintiffs contend that they were employed by Defendants at multiple pizzeria restaurants, located at 1580 First Avenue, New York, New York 10028 under the name "La Mia Pizza;" at 1162 First Avenue, New York, New York 10065 under the name "Lunetta Pizza;" at 922 Second Avenue, New York, New York 10017 under the name "La Vera Pizza;" and at 982 Second Avenue, New York, New York 10022 under the name "Little Roma." Plaintiffs allege claims for unpaid

Page 2

minimum wages, overtime compensation, and spread of hours pay; the failure to provide wage notices; the failure to provide accurate wage statements; the recovery of equipment costs; unlawful deductions from wages; the failure to pay wages on a timely basis; and liquidated damages, interest, attorneys' fees, and costs pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C § 201 *et seq.* ("FLSA"), the New York Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), and the Hospitality Wage Order of the New York State Department of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146.  Plaintiffs allege that they are entitled to damages for unpaid minimum wage and overtime compensation in the approximate amount of $165,341.77.   A copy of Plaintiffs' damages chart, breaking down each amount sought from Defendants, is attached hereto as Exhibit B.

Defendants deny the allegations in the Complaint and deny that Plaintiffs are entitled to the above-claimed sums.

II.    **Settlement Terms**

Plaintiffs and Defendants have agreed to settle this action for the total sum of $28,500.00 ("Settlement Amount").  Pursuant to the Agreement, the Settlement Amount shall be paid in thirteen consecutive monthly installment payments, with the first installment payment being due within thirty (30) days after the Court's approval of the Agreement and the Court's dismissal of this action with prejudice.

Under *Lynn's Food*, a court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'"  *Le v. Sita Information Networking Computing USA, Inc.*, No. 07-cv-00086, 2008 U.S. Dist. LEXIS 46174, at *2 (E.D.N.Y. June 12, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Kopera v. Home Depot U.S.A., Inc.*, No. 09-cv-08337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.")

The proposed settlement represents a reasonable compromise between the strengths and weaknesses of Plaintiffs and Defendants' respective positions.  Having conferred with Defendants, it became clear that there were contested factual and legal disputes amongst the Parties.  Towards that end, Defendants records purported to show that Plaintiffs did not work the number of hours that they claimed to have worked and that Plaintiffs did not earn the wages that they claimed to have earned.  Accordingly, Defendants alleged that, even if Plaintiffs succeeded on liability, their damages were not near what Plaintiffs claimed them to be.  Moreover, largely as a result of the COVID-19 pandemic, Defendants had limited financial resources with which to settle Plaintiffs' claims or satisfy a judgment, and therefore it would have been difficult for Plaintiffs to enforce a large judgment against Defendants and collect it in full.

Considering these risks, and the inherent risks, burdens, and expenses of proceeding to trial, Plaintiffs believe that this settlement is an excellent result, and should be approved as fair. *See Meigel v. Flowers of the World, NYC, Inc.,* 2012 U.S. Dist. LEXIS 2359, at *2-3 (S.D.N.Y. Jan. 9, 2012) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement.  If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.")

Page 3

### III.     Plaintiffs' Attorneys' Fees are Fair and Reasonable

Under the settlement, Plaintiffs' counsel will receive $9,500.00 from the Settlement Amount for attorneys' fees.  This represents one third of the recovery in this litigation.

The undersigned's lodestar in this case is $9,480.00 and Plaintiffs' costs are $400.00.  A copy of Plaintiffs' billing record is attached as "Exhibit C."  The amount provided to Plaintiffs' counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit.  *See Castaneda v. My Belly's Playlist LLC,* No. 15-cv-01324 (S.D.N.Y. Aug. 17, 2015) (Francis, M.J.) (awarding the plaintiffs' attorneys a contingency fee of one-third to account for risks in litigation); *see also Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069, at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit.").  In light of the nature of the issues herein, and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiffs' requested award is reasonable. *See Alleyne v. Time Moving & Storage Inc.*, 264 F.R.D. 41, 60 (E.D.N.Y. 2010); *McDaniel v. City. of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010).

Below is the undersigned's biography and effective billable rate which Plaintiffs respectfully request the Court to apply should the Court undertake a lodestar analysis of the fairness of such fees (*see, e.g, Arbor Hill Concerned Citizens Neighborhood Assoc. v. County of Albany*, 493 F. 3d 110 (2d Cir. 2007)):

> i.     I, William K. Oates, am an associate at CSM Legal, P.C., formerly Michael Faillace & Associates, P.C.  I graduated New York Law School in 1995, and am admitted to the New York Bar, United States District Court, Southern District of New York, and the United States District Court, Eastern District of New York.  Since law school I have practiced labor and employment law, civil litigation, and commercial litigation at the New York City Office of the Corporation Counsel and at a number of private law firms.  Since joining Michael Faillace & Associates, P.C. in December 2020, and C.S.M. Legal, P.C. in November 2021, I have been responsible for a caseload involving all aspects of the firm's wage and hour matters in federal court.  My work is billed at the rate of $400.00 per hour.

Should Your Honor have any questions or concerns regarding this settlement, the parties are happy to address them.  Plaintiffs thank the Court for its time and consideration of this matter.

Respectfully submitted,

/s_____
William K. Oates, Esq.

cc:     Michael K. Chong, Esq. (via ECF)

Attachments