# CSM Legal, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

District courts must scrutinize FLSA settlements to determine if they are fair and reasonable. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 201, 206 (2d Cir. 2015). In doing so, courts must evaluate the totality of the circumstances, including but not limited to: "(1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel and (5) the possibility of fraud or collusion." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012).

**VIA ECF**
Hon. Ronnie Abrams
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

For the reasons discussed in the parties' fairness letter, the Court finds that the settlement is fair and reasonable. Although the recovery amount falls short of the maximum amount that Plaintiffs assert they might have recovered at trial, it is reasonable "in light of the legal and evidentiary challenges that would face the plaintiffs in the absence of a settlement." *Lopez v. Poko-St. Ann L.P.*, 176 F. Supp. 3d 340, 342 (S.D.N.Y. 2016). In addition, the attorneys' fees are reasonable and the release provision is not overbroad. *See Meza v. 317 Amsterdam Corp.*, No. 14-cv-9007 (VSB), 2015 WL 9161791, at *2 (S.D.N.Y. Dec. 14, 2015); *Fernandez v. New York Health Care, Inc.*, No. 19-cv-11575 (OTW), 2020 WL 8880948, at *3 (S.D.N.Y. Apr. 20, 2020). The settlement agreement is thus approved. The Clerk of Court is respectfully directed to close this case.

SO ORDERED.

Hon. Ronnie Abrams
07/13/2022

Your Honor:

This office represents Plaintiffs in the above-referenced matter. I write to respectfully request that the Court approve the settlement agreement ("the Agreement") reached by Plaintiffs and Defendants herein as "fair and reasonable." *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332 (S.D.N.Y. 2012). A copy of the Agreement is attached hereto as Exhibit A.

Plaintiffs have agreed to settle their claims in this action against Defendants. Specifically, Plaintiffs and Defendants, and their respective counsel, have considered that the interests of all concerned are best served by compromise, settlement, and dismissal of these claims with prejudice, in exchange for the consideration set forth in the Agreement. The Agreement is the result of arms-length bargaining between experienced counsel and was reached during Court-annexed mediation. There was no fraud or collusion by Plaintiffs and Defendants during the settlement process. The Agreement reflects a desire by Plaintiffs and Defendants to fully and finally settle and compromise all of Plaintiffs' claims asserted in this case as outlined more specifically in the attached Agreement.

Plaintiffs and Defendants have concluded that the Agreement is fair, reasonable, adequate, and in their mutual best interests. For these reasons, and based on the reasons set forth below, Plaintiffs respectfully request that the Court enter an Order approving the Agreement as fair and reasonable.

## I.   **Background**

Plaintiffs contend that they were employed by Defendants at multiple pizzeria restaurants, located at 1580 First Avenue, New York, New York 10028 under the name "La Mia Pizza;" at 1162 First Avenue, New York, New York 10065 under the name "Lunetta Pizza;" at 922 Second Avenue, New York, New York 10017 under the name "La Vera Pizza;" and at 982 Second Avenue, New York, New York 10022 under the name "Little Roma." Plaintiffs allege claims for unpaid

Page 2

minimum wages, overtime compensation, and spread of hours pay; the failure to provide wage notices; the failure to provide accurate wage statements; the recovery of equipment costs; unlawful deductions from wages; the failure to pay wages on a timely basis; and liquidated damages, interest, attorneys' fees, and costs pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C § 201 *et seq.* ("FLSA"), the New York Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), and the Hospitality Wage Order of the New York State Department of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146.  Plaintiffs allege that they are entitled to damages for unpaid minimum wage and overtime compensation in the approximate amount of $165,341.77.   A copy of Plaintiffs' damages chart, breaking down each amount sought from Defendants, is attached hereto as Exhibit B.

Defendants deny the allegations in the Complaint and deny that Plaintiffs are entitled to the above-claimed sums.

II.   **Settlement Terms**

Plaintiffs and Defendants have agreed to settle this action for the total sum of $28,500.00 ("Settlement Amount").   Pursuant to the Agreement, the Settlement Amount shall be paid in thirteen consecutive monthly installment payments, with the first installment payment being due within thirty (30) days after the Court's approval of the Agreement and the Court's dismissal of this action with prejudice.

Under *Lynn's Food*, a court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'"  *Le v. Sita Information Networking Computing USA, Inc.*, No. 07-cv-00086, 2008 U.S. Dist. LEXIS 46174, at *2 (E.D.N.Y. June 12, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Kopera v. Home Depot U.S.A., Inc.*, No. 09-cv-08337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.")

The proposed settlement represents a reasonable compromise between the strengths and weaknesses of Plaintiffs and Defendants' respective positions.  Having conferred with Defendants, it became clear that there were contested factual and legal disputes amongst the Parties.  Towards that end, Defendants records purported to show that Plaintiffs did not work the number of hours that they claimed to have worked and that Plaintiffs did not earn the wages that they claimed to have earned.  Accordingly, Defendants alleged that, even if Plaintiffs succeeded on liability, their damages were not near what Plaintiffs claimed them to be.  Moreover, largely as a result of the COVID-19 pandemic, Defendants had limited financial resources with which to settle Plaintiffs' claims or satisfy a judgment, and therefore it would have been difficult for Plaintiffs to enforce a large judgment against Defendants and collect it in full.

Considering these risks, and the inherent risks, burdens, and expenses of proceeding to trial, Plaintiffs believe that this settlement is an excellent result, and should be approved as fair. *See Meigel v. Flowers of the World, NYC, Inc.,* 2012 U.S. Dist. LEXIS 2359, at *2-3 (S.D.N.Y. Jan. 9, 2012) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement.  If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.")

Page 3

### III.    Plaintiffs' Attorneys' Fees are Fair and Reasonable

Under the settlement, Plaintiffs' counsel will receive $9,500.00 from the Settlement Amount for attorneys' fees.  This represents one third of the recovery in this litigation.

The undersigned's lodestar in this case is $9,480.00 and Plaintiffs' costs are $400.00.  A copy of Plaintiffs' billing record is attached as "Exhibit C."  The amount provided to Plaintiffs' counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit.  *See Castaneda v. My Belly's Playlist LLC,* No. 15-cv-01324 (S.D.N.Y. Aug. 17, 2015) (Francis, M.J.) (awarding the plaintiffs' attorneys a contingency fee of one-third to account for risks in litigation); *see also Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069, at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit.").  In light of the nature of the issues herein, and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiffs' requested award is reasonable. *See Alleyne v. Time Moving & Storage Inc.*, 264 F.R.D. 41, 60 (E.D.N.Y. 2010); *McDaniel v. City. of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010).

Below is the undersigned's biography and effective billable rate which Plaintiffs respectfully request the Court to apply should the Court undertake a lodestar analysis of the fairness of such fees (*see, e.g, Arbor Hill Concerned Citizens Neighborhood Assoc. v. County of Albany*, 493 F. 3d 110 (2d Cir. 2007)):

i.    I, William K. Oates, am an associate at CSM Legal, P.C., formerly Michael Faillace & Associates, P.C.  I graduated New York Law School in 1995, and am admitted to the New York Bar, United States District Court, Southern District of New York, and the United States District Court, Eastern District of New York.  Since law school I have practiced labor and employment law, civil litigation, and commercial litigation at the New York City Office of the Corporation Counsel and at a number of private law firms.  Since joining Michael Faillace & Associates, P.C. in December 2020, and C.S.M. Legal, P.C. in November 2021, I have been responsible for a caseload involving all aspects of the firm's wage and hour matters in federal court.  My work is billed at the rate of $400.00 per hour.

Should Your Honor have any questions or concerns regarding this settlement, the parties are happy to address them.  Plaintiffs thank the Court for its time and consideration of this matter.

Respectfully submitted,


/s_____
William K. Oates, Esq.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ALEJANDRO ROJAS MARTINEZ, ASUNCION ALBINO CASTILLO, BRAULIO MORENO FLORES, ANTONIO QUIRINO RUIZ, and OBED DOMINGUEZ GARCIA, *individually and on behalf of others similarly situated,*<br><br>                              *Plaintiffs*,<br><br>             -against-<br><br>EAST SIDE PIZZA CORP. (D/B/A LA MIA PIZZA), PERFECTO PIZZERIA CORPORATION (D/B/A LUNETTA PIZZA), MIDTOWN PIZZA CORP. (D/B/A LA VERA PIZZA), 52 ST PIZZA CORP. (D/B/A LITTLE ROMA), RICHARD (A.K.A RICHIE) ATTIA, HESHAM M. ATTIA, ABDELLATIF MAHMOUD, and KHAIR MUHANA,<br><br>                              *Defendants.* | Docket No.: 21-cv-05335 (RA)<br><br>**SETTLEMENT AGREEMENT AND RELEASE** |

This Settlement Agreement and Release of Claims ("Agreement") is entered into by and among Plaintiffs, Alejandro Rojas Martinez, Asuncion Albino Castillo, Braulio Moreno Flores, Antonio Quirino Ruiz, and Obed Dominguez Garcia ("Plaintiffs"), on the one hand, and Defendants, East Side Pizza Corp. (d/b/a La Mia Pizza), Perfecto Pizzeria Corporation (d/b/a Lunetta Pizza), Midtown Pizza Corp. (d/b/a La Vera Pizza), 52 St Pizza Corp. (d/b/a Little Roma) ("Corporate Defendants"), Richard (a.k.a. Richie) Attia, Hesham M. Attia, Abdellatif Mahmoud, and Khair Muhana ("Individual Defendants") (collectively, "Defendants"), on the other hand.

**WHEREAS**, Plaintiffs allege that they worked for Defendants as employees; and

**WHEREAS**, a dispute has arisen regarding Plaintiffs' alleged employment and the terms thereof, which dispute has resulted in the filing of an action in the United States District Court for the Southern District of New York, Civil Action No.: 21-cv-05335 (RA) (hereinafter "the Litigation" or "Action"), alleging, *inter alia*, a violation of federal and state wage and hour laws; and

**WHEREAS**, Defendants deny any violation of federal and state wage and hour laws; and

**WHEREAS**, Plaintiffs and Defendants desire to resolve all disputes between them without the necessity of further litigation.

**NOW, THEREFORE**, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is hereby agreed as follows:

1.  <u>Preliminary Matters</u>.  Plaintiffs have reviewed the terms of this Agreement, have had the opportunity to confer with their legal counsel, including William K. Oates, Esq. of CSM Legal, P.C. ("Plaintiffs' Counsel"), and/or other advisors of their own choosing in order to obtain advice with respect to the terms of this Agreement.  Plaintiffs and Defendants participated in lengthy settlement discussions, including two mediation sessions.  Plaintiffs acknowledge that it is their choice to waive any potential wage and hour claims against Defendants in return for the benefits set forth herein and that they made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with their attorneys. Plaintiffs confirm that they fully understand the terms of this Agreement, and that they are signing this Agreement voluntarily.  By signing below, Plaintiffs represent that their primary language is Spanish; that Plaintiffs' counsel has reviewed all terms of this Agreement with Plaintiffs in Spanish; and that Plaintiffs fully understand all terms of this Agreement and voluntarily accept them. Given the promises and consideration set forth in this Agreement, Plaintiffs represent and warrant that they now have been properly paid for all time worked during their employment by Defendants, and acknowledge and agree that they will no longer have any entitlement to any wages, overtime pay, bonuses, commissions, gratuities, spread of hours pay, reimbursements, payouts, severance pay, vacation pay, or other compensation or benefits from Defendants.

2.  <u>Dismissal of Pending Action</u>.  For and in consideration of the promises outlined in this Agreement, the sufficiency of which Plaintiffs acknowledge, Plaintiffs shall: (i) dismiss with prejudice, or cause to be dismissed with prejudice, the Action as against Defendants; (ii) not re-file the causes of action asserted in the Action against Defendants; and (iii) not institute any action against Defendants in any court or other forum for wage and hour claims that are released, as set forth in Section 6 of this Agreement.  Plaintiffs and Defendants expressly authorize their counsel to submit any papers to the Court that are necessary to effectuate the dismissal of the Action with prejudice in accordance with this Section (including the Stipulation of Dismissal annexed hereto as Exhibit A), approval of this settlement as fair and reasonable, and/or the effectuation of a release of wage and hour claims as specified herein.

3.  <u>Payment</u>. In consideration for Plaintiffs' execution of and compliance with this Agreement, including the release set forth in Section 6 of this Agreement, and the dismissal with prejudice of the Action by Plaintiffs as against Defendants, Defendants shall pay or caused to be paid to Plaintiffs and their counsel, subject to the terms and conditions of this Agreement, the total sum of Twenty Eight Thousand Five Hundred Dollars and No Cents ($28,500.00) (at times, referred to as the "Settlement Amount").  The Settlement Amount shall be paid in thirteen (13) consecutive monthly installment payments.  The first monthly installment payment of Five Thousand Five Hundred Dollars and No Cents ($5,500.00) shall be due within 30 (thirty) days of this Agreement being approved by the Court and the dismissal of the Action with prejudice.

(a)     The second through fifth monthly installment payments thereafter in the amount of One Thousand Nine Hundred Sixteen Dollars and Sixty-Six Cents ($1,916.66) each shall be due on the 30th day of each successive month (except for the month of February, in which the installment payment shall be due on the 28th or 29th day of that month).

(b)     The sixth through thirteenth monthly installment payments thereafter in the amount of One Thousand Nine Hundred Sixteen Dollars and Sixty-Seven Cents ($1,916.67) each shall be due on the 30th day of each successive month (except for the month of February, in which the installment payment shall be due on the 28th or 29th day of that month).

(c)     One third of the Settlement Amount, in the amount of Nine Thousand Five Hundred Dollars and No Cents ($9,500.00), shall be allocated to CSM Legal, P.C. as attorneys' fees and costs.

(d)     Two thirds of the Settlement Amount, in the amount of Nineteen Thousand Dollars and No Cents ($19,000.00), shall be allocated to Plaintiffs.

(e)     Each Plaintiff will receive the following amount, which is based on their pro rata share of the total alleged damages in the within action:

| Plaintiff | Percentage Allocation to Each Plaintiff | Total Settlement Amount Allocated to Each Plaintiff |
| --- | --- | --- |
| Alejandro Rojas Martinez | 29.65% | $5,633.50 |
| Asuncion Albino Castillo | 14.57% | $2,768.30 |
| Braulio Moreno Flores | 36.76% | $6,984.40 |
| Antonio Quirino Ruiz | 9.64% | $1,831.60 |
| Obed Dominguez Garcia | 9.38% | $1,782.20 |

(f)     Defendants shall remit each monthly installment payment by check payable to Plaintiffs' counsel and shall send all monthly installment checks via hand-delivery, or by the United States Postal Service, United Parcel Service, or Federal Express, with a tracking number, addressed to CSM Legal, P.C., 60 East 42nd Street, Suite 4510, New York, New York 10165.

4.     <u>Tax Treatment.</u>  Plaintiffs' counsel will be issued an IRS Form 1099 reflecting the Settlement Amount remitted by Defendants in accordance with Section 3.  However, Plaintiffs shall be responsible for their own share of all taxes, interest, or penalties related to the portion of the Settlement Amount that they receive under this Agreement.  Plaintiffs are not relying on any information provided by Defendants, their employees, or their attorneys concerning the tax consequences of the payments made under this Agreement.  Plaintiffs agree to defend, indemnify, and hold harmless Defendants against the payment of any taxes, interest, penalties, and other liabilities or costs that may be assessed upon their portion of the Settlement Amount.

Plaintiffs' counsel shall provide to Defendants' counsel a W-9 for each of the Plaintiffs. Plaintiffs' counsel shall provide to Defendants' counsel a W-9 for Plaintiffs' counsel's law firm.

5.     <u>Affidavits of Confession of Judgment</u>.   Concurrently with the execution of this Agreement, Defendants East Side Pizza Corp. (d/b/a La Mia Pizza), Perfecto Pizzeria Corporation (d/b/a Lunetta Pizza), Richard (a.k.a. Richie) Attia, and Abdellatif Mahmoud shall each execute and deliver to Plaintiffs' counsel Affidavits of Confessions of Judgment ("Confessions of Judgment"), in the forms attached hereto as Exhibits B, C, D, and E.  Plaintiffs and Defendants hereby acknowledge and agree that the Confessions of Judgment will be held in escrow by Plaintiffs' counsel, will not be given to Plaintiffs or any third-parties, and will not be entered and/or filed at any time other than: (i) in the event that Defendants fail to make any of the payments as set forth in Section 3, <u>and</u> (ii) Defendants fail to cure such default within fourteen (14) days of receipt of written notice, to be delivered by Plaintiffs' counsel to Defendants by e-mail to Michael K. Chong, Esq. at mkchong@mkclawgroup.com. Such notice of default shall be deemed received upon electronic transmission.  Upon timely payments of the entire Settlement Amount, the Confessions of Judgment will be destroyed with no copies retained, with notice of destruction provided to Michael K. Chong, Esq.

6.     <u>Release</u>.  For and in consideration of the promises, payments, and actions of the Defendants set forth in this Agreement, and other good and valuable consideration, the receipt of which is hereby acknowledged, Plaintiffs, with respect solely and only to conduct that has arisen on, or prior to, the date this Agreement is fully executed, fully and forever releases, relieves, waives, relinquishes, and discharges Defendants and each of their parents, subsidiaries, affiliates, predecessors, successors, related entities, assigns, insurers, employee benefit plans and programs, and fiduciaries, and all of their present and former owners, directors, officers, partners, members, shareholders, employees, representatives, agents, attorneys, and insurers from, and with respect to, any and all wage and hour and record-keeping actions, causes of action, suits, liabilities, claims, charges, rights, and demands whatsoever, to the maximum extent permitted by law, which have accrued from the beginning of time through the date that all parties execute this Agreement, in particular claims under the Fair Labor Standards Act, the New York Labor Law, and the Hospitality Wage Order of the New York Commissioner of Labor.  Nothing contained in this release shall operate to prevent Plaintiffs from providing truthful information to a governmental agency.  This Agreement shall be deemed a full accord, satisfaction, and settlement of the claims settled, released, and waived herein, and shall constitute a sufficient basis for the immediate dismissal of such claims by Plaintiffs against Defendants except to the extent that Plaintiffs seek enforcement of the terms of this Agreement.

7.     <u>No Pending or Future Lawsuits</u>.  Plaintiffs represent that they have no lawsuits, claims, actions, or administrative proceedings pending in their name, or on behalf of any other person or entity, against Defendants, other than the Action.  Plaintiffs also represent that they will not bring any wage and hour claims that are released, either on their own behalf or on behalf of any other person or entity, against Defendants.  Defendants represent that they have no lawsuits, claims, actions, or administrative proceedings pending in their names, or on behalf of any other person or entity, against Plaintiffs.

8.     No Admission of Liability.  Plaintiffs and Defendants understand and acknowledge that this Agreement constitutes a compromise and settlement of disputed claims.  No action taken by Plaintiffs and Defendants either previously or in connection with this Agreement shall be deemed or construed to be (a) an admission of the truth or falsity of any claims and defenses heretofore made or (b) an acknowledgment or admission by Plaintiffs or Defendants of any fault or liability whatsoever to the other or to any third party.

9.     Modification of the Agreement.  This Agreement may not be changed unless the changes are in writing and signed by Plaintiffs and Defendants.  Failure to insist on compliance with any term, covenant, or condition contained in this Agreement shall not be deemed a waiver of that term, covenant, or condition, nor shall any waiver or relinquishment of any right or power contained in this Agreement at any one time or more times be deemed a waiver or relinquishment of any right or power at any other time or times.  No provision of this Agreement may be waived except by a written instrument signed by the Party who is claimed to have waived a provision.

10.     Notices.  Notices required under this Agreement shall be in writing and shall be deemed given on electronic transmission thereof.  Notices hereunder shall be delivered to:

Plaintiffs:

William K. Oates, Esq.
CSM LEGAL, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Tel.: (212) 317-1200
Email: woates@csm-legal.com

Defendants:

Michael K. Chong, Esq.
MKC Law Group LLC
1250 Broadway, 36th Floor
New York, New York 10001
Tel.: (212) 726-1104
E-Mail: mkchong@mkclawgroup.com

11.     Governing Law.  This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof.  The United States District Court for the Southern District of New York shall retain jurisdiction over the interpretation, implementation, and enforcement of this Agreement as well as any and all matters arising out of, or related to, the interpretation, implementation, and enforcement of this Agreement and of the settlement contemplated thereby.  In the event that this Court lacks or declines jurisdiction over any of such matters, then the Parties agree that either the Supreme Court of the State of New York, County of New York or the Civil Court of the City of New York, County of New York, depending upon the amount in controversy, shall have jurisdiction over such matters.

12.     Enforceability. If any provision of this Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction that a release or waiver of claims or rights or a covenant set forth herein is illegal, void, or unenforceable, Plaintiffs agree to promptly execute a release, waiver, and/or covenant that is legal and enforceable.

13.     Acknowledgments. Plaintiffs and Defendants acknowledge that they are not relying upon any statement, representation, or promise in executing this Agreement except for statements, representations, or promises expressly set forth in this Agreement. It is understood and agreed that the Settlement Amount and the other good and valuable consideration provided for herein, are not a mere recital but are the consideration for this Agreement and all terms herein, including the release effected thereby. Plaintiffs and Defendants represent and warrant that the Settlement Amount is fair and reasonable. Plaintiffs and Defendants represent and warrant that they are entering into this Agreement of their own free will and accord after consultation with their counsel. Plaintiffs and Defendants warrant that they are satisfied with the legal representation and services received from their respective attorneys. Plaintiffs and Defendants acknowledge that they have jointly prepared this Agreement and that they are executing this Agreement knowingly and voluntarily. Plaintiffs acknowledge that they have not previously transferred, assigned, or conveyed any right or claim released in this Agreement.

14.     Headings. The headings used herein are for reference only and shall not in any way affect the meaning or interpretation of this Agreement.

15.     No Other Representations or Agreements. Plaintiffs and Defendants acknowledge that, except as expressly set forth herein, no representations of any kind or character have been made by any other party or parties, agents, representatives, or attorneys to induce the execution of this Agreement. There is no other agreement or understanding, written or oral, expressed or implied, among Plaintiffs and Defendants concerning the subject matter hereof, except this Agreement. This Agreement constitutes and contains the entire agreement amongst Plaintiffs and Defendants, and supersedes and replaces all prior negotiations and all agreements, proposed or otherwise, written or oral, concerning the subject matter hereof.

16.     Counterparts. To signify their agreement to the terms of this Agreement and Release, Plaintiffs and Defendants have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original, but all of such counterparts together shall constitute but one and the same instrument, binding upon Plaintiffs and Defendants, notwithstanding that Plaintiffs and Defendants may not have executed the same counterpart. A facsimile copy, electronic signature, or Adobe PDF of any party's signature shall be deemed as legally binding as the original signatures. This Agreement must be executed by all Parties.

17.   <u>Successors and Assigns</u>.  This Agreement shall be binding in all respects upon, and inure to the benefit of the respective successors and assigns of, Plaintiffs and Defendants, including their personal representatives, administrators, executors, heirs, and others taking from them; provided, however, that Plaintiffs and Defendants may not delegate or avoid any of their liabilities or obligations under this Agreement.


**IN WITNESS WHEREOF**, and intending to be bound, Plaintiffs and Defendants have executed this Agreement.

<u>**PLAINTIFFS**</u>:

By: _____    Date: 06/27/2022.
ALEJANDRO ROJAS MARTINEZ

By: _____    Date: 06/30/22
ASUNCION ALBINO CASTILLO

By: _Braulio Moreno F._                Date: 06/27/2022
BRAULIO MORENO FLORES

By: _____    Date: _____
ANTONIO QUIRINO RUIZ

By: _____    Date: _____
OBED DOMINGUEZ


<u>**DEFENDANTS**</u>:

By: _____    Date: _____
EAST SIDE PIZZA CORP.
(D/B/A LA MIA PIZZA)

Title: _____

17.    Successors and Assigns.  This Agreement shall be binding in all respects upon, and inure to the benefit of the respective successors and assigns of, Plaintiffs and Defendants, including their personal representatives, administrators, executors, heirs, and others taking from them; provided, however, that Plaintiffs and Defendants may not delegate or avoid any of their liabilities or obligations under this Agreement.

**IN WITNESS WHEREOF**, and intending to be bound, Plaintiffs and Defendants have executed this Agreement.

**PLAINTIFFS:**

By: _____          Date: _____
    ALEJANDRO ROJAS MARTINEZ

By: _____          Date: _____
    ASUNCION ALBINO CASTILLO

By: _____          Date: _____
    BRAULIO MORENO FLORES

By: _____          Date: **06-28   2022**
    ANTONIO QUIRINO QUILE

By: _____          Date: _____
    OBED DOMINGUEZ

**DEFENDANTS:** _

By: _____          Date: _____
    EAST SIDE PIZZA CORP.
    (D/B/A LA MIA PIZZA)

Title: _____

17.   _Successors and Assigns_.  This Agreement shall be binding in all respects upon, and inure to the benefit of the respective successors and assigns of, Plaintiffs and Defendants, including their personal representatives, administrators, executors, heirs, and others taking from them; provided, however, that Plaintiffs and Defendants may not delegate or avoid any of their liabilities or obligations under this Agreement.

**IN WITNESS WHEREOF**, and intending to be bound, Plaintiffs and Defendants have executed this Agreement.

**PLAINTIFFS:**

By: _____    Date: _____
       ALEJANDRO ROJAS MARTINEZ

By: _____    Date: _____
       ASUNCION ALBINO CASTILLO

By: _____    Date: _____
       BRAULIO MORENO FLORES

By: _____    Date: _____
       ANTONIO QUIRINO RUIZ

By: _____    Date: 06_28 2022
       OBED DOMINGUEZ

**DEFENDANTS:**

By: _____    Date: _____
       EAST SIDE PIZZA CORP.
       (D/B/A LA MIA PIZZA)

Title: _____

17.   <u>Successors and Assigns</u>.  This Agreement shall be binding in all respects upon, and inure to the benefit of the respective successors and assigns of, Plaintiffs and Defendants, including their personal representatives, administrators, executors, heirs, and others taking from them; provided, however, that Plaintiffs and Defendants may not delegate or avoid any of their liabilities or obligations under this Agreement.

**IN WITNESS WHEREOF**, and intending to be bound, Plaintiffs and Defendants have executed this Agreement.

<u>**PLAINTIFFS**</u>:

By: _____          Date: _____
ALEJANDRO ROJAS MARTINEZ

By: _____          Date: _____
ASUNCION ALBINO CASTILLO

By: _____          Date: _____
BRAULIO MORENO FLORES

By: _____          Date: _____
ANTONIO QUIRINO RUIZ

By: _____          Date: _____
OBED DOMINGUEZ

<u>**DEFENDANTS**</u>:

By: _____          Date: 6/12/22
EAST SIDE PIZZA CORP.
(D/B/A LA MIA PIZZA)

Title: _PRS_____

By: _____          Date: 6/12/22
PERFECTO PIZZERIA CORPORATION

- 7 -

(D/B/A LUNETTA PIZZA)

Title: Pres.

By: _____  Date: 6/18/22
MIDTOWN PIZZA CORP.
(D/B/A LA VERA PIZZA)

Title: Pres.

By: _____  Date: 6/12/22
52 ST PIZZA CORP.
(D/B/A LITTLE ROMA)

Title: Pres

By: _____  Date: 6/12/22
RICHARD (A.K.A RICHIE) ATTIA

By: _____  Date: 6/12/22
HESHAM M. ATTIA

By: _____  Date: 6/12/22
ABDELLATIF MAHMOUD

By: _____  Date: 6/12/22
KHAIR MUHANA

- 8 -

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALEJANDRO ROJAS MARTINEZ, ASUNCION ALBINO CASTILLO, BRAULIO MORENO FLORES, ANTONIO QUIRINO RUIZ, and OBED DOMINGUEZ GARCIA, *individually and on behalf of others similarly situated,*<br><br>*Plaintiffs*,<br><br>-against-<br><br>EAST SIDE PIZZA CORP. (D/B/A LA MIA PIZZA), PERFECTO PIZZERIA CORPORATION (D/B/A LUNETTA PIZZA), MIDTOWN PIZZA CORP. (D/B/A LA VERA PIZZA), 52 ST PIZZA CORP. (D/B/A LITTLE ROMA), RICHARD (A.K.A RICHIE) ATTIA, HESHAM M. ATTIA, ABDELLATIF MAHMOUD, and KHAIR MUHANA,<br><br>*Defendants.* | Docket No.: 21-cv-05335 (RA)<br><br>**STIPULATION OF<br>DISMISSAL<br><u>WITH PREJUDICE</u>** |

**WHEREAS,** Plaintiffs, Alejandro Rojas Martinez, Asuncion Albino Castillo, Braulio Moreno Flores, Antonio Quirino Ruiz, and Obed Dominguez Garcia ("Plaintiffs"), filed a Complaint asserting claims for, *inter alia*, the failure to pay minimum wages and overtime compensation under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), the New York Labor Law §§ 190 *et seq.* and 650 *et seq.* ("NYLL"), and applicable regulations; and

**WHEREAS,** Plaintiffs and Defendants, East Side Pizza Corp. (d/b/a La Mia Pizza), Perfecto Pizzeria Corporation (d/b/a Lunetta Pizza), Midtown Pizza Corp. (d/b/a La Vera Pizza), 52 St Pizza Corp. (d/b/a Little Roma), Richard (a.k.a. Richie) Attia, Hesham M. Attia, Abdellatif Mahmoud, and Khair Muhana ("Defendants") (collectively with Plaintiffs, the "Parties"), reached a settlement of this action and Plaintiffs' claims through arms-length negotiations, and have entered into a Settlement Agreement and Release (the "Agreement"), formally memorializing the Parties' settlement; and

**WHEREAS,** the terms of the Agreement, which are incorporated herein by reference, have been reviewed and scrutinized by the Court and are approved and considered a fair and reasonable resolution of, *inter alia*, a bona fide dispute over provisions of the FLSA, the NYLL, and applicable

**IT IS HEREBY STIPULATED AND AGREED,** by and between the undersigned counsel for the Parties, that this action be hereby dismissed and discontinued in its entirety, with prejudice, pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure.

**IT IS FURTHER STIPULATED AND AGREED,** that this Stipulation may be executed in counterparts with scanned PDF, electronic, or facsimile signatures treated as originals.

CSM LEGAL, P.C.                                          MKC LAW GROUP LLC

By: _____                 By: _____

William K. Oates, Esq.                                  Michael K. Chong, Esq.
60 East 42nd Street, Suite, 4510                   1250 Broadway, 36th Floor
New York, New York 10165                          New York, New York 10001
(212) 317-1200                                             (212) 726-1104
woates@csm-legal.com                                mkchong@mkclawgroup.com
*Attorneys for Plaintiffs*                               *Attorneys for Defendants*

SO ORDERED:

_____

HON. RONNIE ABRAMS, U.S.D.J.

- 11 -

# EXHIBIT B

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| ALEJANDRO ROJAS MARTINEZ, ASUNCION ALBINO CASTILLO, BRAULIO MORENO FLORES, ANTONIO QUIRINO RUIZ, and OBED DOMINGUEZ GARCIA, *individually and on behalf of others similarly situated*, <br><br> *Plaintiffs*, <br><br> -against- <br><br> EAST SIDE PIZZA CORP. (D/B/A LA MIA PIZZA), PERFECTO PIZZERIA CORPORATION (D/B/A LUNETTA PIZZA), MIDTOWN PIZZA CORP. (D/B/A LA VERA PIZZA), 52 ST PIZZA CORP. (D/B/A LITTLE ROMA), RICHARD (A.K.A RICHIE) ATTIA, HESHAM M. ATTIA, ABDELLATIF MAHMOUD, and KHAIR MUHANA, <br><br> *Defendants*. | Docket No.: <br><br> AFFIDAVIT OF CONFESSION OF <u>JUDGMENT</u> |

STATE OF NEW YORK    )
                      ) ss.:
COUNTY OF _N Y_   )

    1.    I reside in _Washington Twn, NJ_ .

    2.    I, _Abdellatif Abdellam_ the _PRS_ of EAST SIDE PIZZA CORP. (d/b/a LA MIA PIZZA). I am duly authorized to make this Affidavit of Confession of Judgment on behalf of EAST SIDE PIZZA CORP. (d/b/a LA MIA PIZZA).

    3.    EAST SIDE PIZZA CORP. (d/b/a LA MIA PIZZA) maintains its principal place of business in New York County at 1580 First Avenue, New York, NY 10028.

    4.    Pursuant to the terms of the Settlement Agreement and Release by and between Plaintiffs, ALEJANDRO ROJAS MARTINEZ, ASUNCION ALBINO CASTILLO, BRAULIO MORENO FLORES, ANTONIO QUIRINO RUIZ, and OBED DOMINGUEZ GARCIA ("Plaintiffs"), on the one hand, and Defendants, EAST SIDE PIZZA CORP. (d/b/a LA MIA PIZZA), PERFECTO PIZZERIA CORPORATION (d/b/a LUNETTA PIZZA), MIDTOWN PIZZA CORP. (d/b/a LAVERA PIZZA), 52 ST PIZZA CORP. (d/b/a LITTLE ROMA),

- 13 -

RICHARD (a.k.a. RICHIE) ATTIA, HESHAM M. ATTIA, ABDELLATIF MAHMOUD, and KHAIR MUHANA ("Defendants"), on the other hand, I hereby confess judgment and authorize entry thereof against EAST SIDE PIZZA CORP. (d/b/a LA MIA PIZZA), and in favor of Plaintiffs, for the sum of Thirty Eight Thousand Five Hundred Dollars and No Cents ($38,500.00), less any payments made under the Settlement Agreement.

5.      This Affidavit of Confession of Judgment is for a debt justly due to Plaintiffs under the terms of the Settlement Agreement, to which this Affidavit of Confession of Judgment is annexed, which provides that Defendants are to remit a total sum of $28,500.00 to Plaintiffs. The amount of this Affidavit of Confession of Judgment represents the settlement amount of $28,500.00, plus liquidated damages of $10,000.00, for a total of $38,500.00, less any payments made under the Settlement Agreement.

6.      This Affidavit of Confession of Judgment is made upon good and valuable consideration, the sufficiency of which I acknowledge on behalf of Defendants, including, without limitation, the terms and provisions of the Settlement Agreement.

7.      I hereby represent my understanding that upon Defendants' breach of the Settlement Agreement and failure to cure within fourteen (14) days of receipt of written notice of breach, this Affidavit of Confession of Judgment shall be docketed and entered in the Supreme Court of the State of New York, New York County, as a judgment for $38,500.00 (less any amounts already paid to Plaintiffs pursuant to the Settlement Agreement), against EAST SIDE PIZZA CORP. (d/b/a LA MIA PIZZA).

EAST SIDE PIZZA CORP.
(d/b/a LA MIA PIZZA)

By: _____

_____

Title: __Pres.__

On __June 12__, 2022, before me personally came __Abdellatif Abdelklil__ to me known, who, by me duly sworn, did depose and say that deponent resides at __407 Railraod Blv Wash. Twp that__ deponent is the __Pres.__ of EAST SIDE PIZZA CORP. (d/b/a LA MIA PIZZA), the corporate party described herein, and that deponent executed the foregoing Affidavit of Confession of Judgment on behalf of EAST SIDE PIZZA CORP. (d/b/a LA MIA PIZZA) and was authorized to do so.

Sworn to before me this
12 day of __June__ 2022

_____
Notary Public

# EXHIBIT C

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| ALEJANDRO ROJAS MARTINEZ, ASUNCION ALBINO CASTILLO, BRAULIO MORENO FLORES, ANTONIO QUIRINO RUIZ, and OBED DOMINGUEZ GARCIA, *individually and on behalf of others similarly situated,* | Docket No.: AFFIDAVIT OF CONFESSION OF JUDGMENT |
| Plaintiffs, | |
| -against- | |
| EAST SIDE PIZZA CORP. (D/B/A LA MIA PIZZA), PERFECTO PIZZERIA CORPORATION (D/B/A LUNETTA PIZZA), MIDTOWN PIZZA CORP. (D/B/A LA VERA PIZZA), 52 ST PIZZA CORP. (D/B/A LITTLE ROMA), RICHARD (A.K.A RICHIE) ATTIA, HESHAM M. ATTIA, ABDELLATIF MAHMOUD, and KHAIR MUHANA, | |
| Defendants. | |

STATE OF NEW YORK      )
                                          ) ss.:
COUNTY OF  N Y            )

1.     I reside in Washington twn   N J .

2.     I, Abdellatif Abdellatif , am the Pres. of PERFECTO PIZZERIA CORPORATION (d/b/a LUNETTA PIZZA).  I am duly authorized to make this Affidavit of Confession of Judgment on behalf of PERFECTO PIZZERIA CORPORATION (d/b/a LUNETTA PIZZA).

3.     PERFECTO PIZZERIA CORPORATION (d/b/a LUNETTA PIZZA) maintains its principal place of business in New York County at 1162 First Avenue New York, NY 10065.

4.     Pursuant to the terms of the Settlement Agreement and Release by and between Plaintiffs, ALEJANDRO ROJAS MARTINEZ, ASUNCION ALBINO CASTILLO, BRAULIO MORENO FLORES, ANTONIO QUIRINO RUIZ, and OBED DOMINGUEZ GARCIA ("Plaintiffs"), on the one hand, and Defendants, EAST SIDE PIZZA CORP. (d/b/a LA MIA PIZZA), PERFECTO PIZZERIA CORPORATION (d/b/a LUNETTA PIZZA), MIDTOWN

- 16 -

PIZZA CORP. (d/b/a LAVERA PIZZA), 52 ST PIZZA CORP. (d/b/a LITTLE ROMA), RICHARD (a.k.a. RICHIE) ATTIA, HESHAM M. ATTIA, ABDELLATIF MAHMOUD, and KHAIR MUHANA ("Defendants"), on the other hand, I hereby confess judgment and authorize entry thereof against PERFECTO PIZZERIA CORPORATION (d/b/a LUNETTA PIZZA), and in favor of Plaintiffs, for the sum of Thirty Eight Thousand Five Hundred Dollars and No Cents ($38,500.00), less any payments made under the Settlement Agreement.

5.     This Affidavit of Confession of Judgment is for a debt justly due to Plaintiffs under the terms of the Settlement Agreement, to which this Affidavit of Confession of Judgment is annexed, which provides that Defendants are to remit a total sum of $28,500.00 to Plaintiffs. The amount of this Affidavit of Confession of Judgment represents the settlement amount of $28,500.00, plus liquidated damages of $ 10,000.00, for a total of $38,500.00, less any payments made under the Settlement Agreement.

6.     This Affidavit of Confession of Judgment is made upon good and valuable consideration, the sufficiency of which I acknowledge on behalf of Defendants, including, without limitation, the terms and provisions of the Settlement Agreement.

7.     I hereby represent my understanding that upon Defendants' breach of the Settlement Agreement and failure to cure within fourteen (14) days of receipt of written notice of breach, this Affidavit of Confession of Judgment shall be docketed and entered in the Supreme Court of the State of New York, New York County, as a judgment for $38,500.00 (less any amounts already paid to Plaintiffs pursuant to the Settlement Agreement), against PERFECTO PIZZERIA CORPORATION (d/b/a LUNETTA PIZZA)

PERFECTO PIZZERIA CORPORATION
(d/b/a LUNETTA PIZZA)

By: _____

_____

Title: _____ _P_P_ _P_____

On _Ju ne 12_, 2022, before me personally came _A b d e l l a t i f   A b d e l l a t i f_, to me known, who, by me duly sworn, did depose and say that deponent resides at _407 Ridgewood Blvd Wash_ that _NJ_ deponent is the _____ _P r e s ._ of PERFECTO PIZZERIA CORPORATION (d/b/a LUNETTA PIZZA), the corporate party described herein, and that deponent executed the foregoing Affidavit of Confession of Judgment on behalf of PERFECTO PIZZERIA CORPORATION (d/b/a LUNETTA PIZZA) and was authorized to do so.

Sworn to before me this
_12th_ day of _June_ 2022

_____
Notary Public

Notary Public

# EXHIBIT D

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| ALEJANDRO ROJAS MARTINEZ, ASUNCION ALBINO CASTILLO, BRAULIO MORENO FLORES, ANTONIO QUIRINO RUIZ, and OBED DOMINGUEZ GARCIA, *individually and on behalf of others similarly situated,*<br><br>*Plaintiffs,*<br><br>-against-<br><br>EAST SIDE PIZZA CORP. (D/B/A LA MIA PIZZA), PERFECTO PIZZERIA CORPORATION (D/B/A LUNETTA PIZZA), MIDTOWN PIZZA CORP. (D/B/A LA VERA PIZZA), 52 ST PIZZA CORP. (D/B/A LITTLE ROMA), RICHARD (A.K.A RICHIE) ATTIA, HESHAM M. ATTIA, ABDELLATIF MAHMOUD, and KHAIR MUHANA,<br><br>*Defendants.* | Docket No.:<br><br>AFFIDAVIT OF CONFESSION OF <u>JUDGMENT</u> |

STATE OF  _N Y_  )
                        ) ss.:
COUNTY OF  _NY_  )

1.  I reside in _Rutherford_  _NJ_ .

2.  Pursuant to the terms of the Settlement Agreement and Release by and between Plaintiffs, ALEJANDRO ROJAS MARTINEZ, ASUNCION ALBINO CASTILLO, BRAULIO MORENO FLORES, ANTONIO QUIRINO RUIZ, and OBED DOMINGUEZ GARCIA ("Plaintiffs"), on the one hand, and Defendants, EAST SIDE PIZZA CORP. (d/b/a LA MIA PIZZA), PERFECTO PIZZERIA CORPORATION (d/b/a LUNETTA PIZZA), MIDTOWN PIZZA CORP. (d/b/a LAVERA PIZZA), 52 ST PIZZA CORP. (d/b/a LITTLE ROMA), RICHARD (a.k.a. RICHIE) ATTIA, HESHAM M. ATTIA, ABDELLATIF MAHMOUD, and KHAIR MUHANA ("Defendants"), on the other hand, I hereby confess judgment and authorize entry thereof against me, individually, and in favor of Plaintiffs, for the sum of Thirty Eight Thousand Five Hundred Dollars and No Cents ($38,500.00) , less any payments made under the Settlement Agreement.

3.  This Affidavit of Confession of Judgment is for a debt justly due to Plaintiffs under

the terms of the Settlement Agreement, to which this Affidavit of Confession of Judgment is annexed, which provides that Defendants are to remit a total sum of $28,500.00 to Plaintiffs. The amount of this Affidavit of Confession of Judgment represents the settlement amount of $28,500.00, plus liquidated damages of $ 10,000.00, for a total of $$38,500.00, less any payments made under the Settlement Agreement.

4.      This Affidavit of Confession of Judgment is made upon good and valuable consideration, the sufficiency of which I acknowledge on behalf of Defendants, including, without limitation, the terms and provisions of the Settlement Agreement.

5.      I hereby represent my understanding that upon Defendants' breach of the Settlement Agreement and failure to cure within fourteen (14) days of receipt of written notice of breach, this Affidavit of Confession of Judgment shall be docketed and entered in the Supreme Court of the State of New York, New York County, as a judgment for $38,500.00 (less any amounts already paid to Plaintiffs pursuant to the Settlement Agreement), against me, RICHARD (A.K.A RICHIE) ATTIA.

RICHARD ATTIA

Sworn to before me this
12th day of June 2022

Notary Public

# EXHIBIT E

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

ALEJANDRO ROJAS MARTINEZ,
ASUNCION ALBINO CASTILLO,
BRAULIO MORENO FLORES, ANTONIO
QUIRINO RUIZ, and OBED DOMINGUEZ
GARCIA, *individually and on behalf of others
similarly situated,*

|  |
|---|

Docket No.:

AFFIDAVIT OF CONFESSION OF
<u>JUDGMENT</u>

*Plaintiffs,*

-against-

EAST SIDE PIZZA CORP. (D/B/A LA MIA
PIZZA), PERFECTO PIZZERIA
CORPORATION (D/B/A LUNETTA PIZZA),
MIDTOWN PIZZA CORP. (D/B/A LA
VERA PIZZA), 52 ST PIZZA CORP. (D/B/A
LITTLE ROMA), RICHARD (A.K.A
RICHIE) ATTIA, HESHAM M. ATTIA,
ABDELLATIF MAHMOUD, and KHAIR
MUHANA,

*Defendants.*

---

STATE OF _N Y_ )
    ) ss.:
COUNTY OF _N Y_ )

1.  I reside in _Washington Twn_ _NJ_.

2.  Pursuant to the terms of the Settlement Agreement and Release by and between Plaintiffs, ALEJANDRO ROJAS MARTINEZ, ASUNCION ALBINO CASTILLO, BRAULIO MORENO FLORES, ANTONIO QUIRINO RUIZ, and OBED DOMINGUEZ GARCIA ("Plaintiffs"), on the one hand, and Defendants, EAST SIDE PIZZA CORP. (d/b/a LA MIA PIZZA), PERFECTO PIZZERIA CORPORATION (d/b/a LUNETTA PIZZA), MIDTOWN PIZZA CORP. (d/b/a LAVERA PIZZA), 52 ST PIZZA CORP. (d/b/a LITTLE ROMA), RICHARD (a.k.a. RICHIE) ATTIA, HESHAM M. ATTIA, ABDELLATIF MAHMOUD, and KHAIR MUHANA ("Defendants"), on the other hand, I hereby confess judgment and authorize entry thereof against me, individually, and in favor of Plaintiffs, for the sum of Thirty Eight Thousand Five Hundred Dollars and No Cents ($38,500.00), less any payments made under the Settlement Agreement.

3.  This Affidavit of Confession of Judgment is for a debt justly due to Plaintiffs under

- 23 -

the terms of the Settlement Agreement, to which this Affidavit of Confession of Judgment is annexed, which provides that Defendants are to remit a total sum of $28,500.00 to Plaintiffs.  The amount of this Affidavit of Confession of Judgment represents the settlement amount of $28,500.00, plus liquidated damages of $10,000.00, for a total of $38,500.00, less any payments made under the Settlement Agreement.

4.     This Affidavit of Confession of Judgment is made upon good and valuable consideration, the sufficiency of which I acknowledge on behalf of Defendants, including, without limitation, the terms and provisions of the Settlement Agreement.

5.     I hereby represent my understanding that upon Defendants' breach of the Settlement Agreement and failure to cure within fourteen (14) days of receipt of written notice of breach, this Affidavit of Confession of Judgment shall be docketed and entered in the Supreme Court of the State of New York, New York County, as a judgment for $ 38,500.00 (less any amounts already paid to Plaintiffs pursuant to the Settlement Agreement), against me, ABDELLATIF MAHMOUD.

ABDELLATIF MAHMOUD

Sworn to before me this
12th day of June 2022

Notary Public

- 24 -

| Plaintiff | Pay Period | | | | Minimum Wage | | | Paid Wages | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | Start | End | Weeks | Hours Per Week | Minimum Wage Rate | Minimum Overtime (OT) | Lawful Weekly Pay | "Credited" Weekly Pay | Regular Hourly Pay Rate | Hourly OT Pay Rate |
| **Alejandro Rojas Martinez** | 6/19/2015 | 12/14/2015 | 25 | 56 | $ 8.75 | $ 13.13 | $ 1,200.00 | $ 750.00 | $ 18.75 | $ 28.13 |
| | 12/15/2015 | 12/31/2015 | 2 | 52 | $ 8.75 | $ 13.13 | $ 1,087.50 | $ 750.00 | $ 18.75 | $ 28.13 |
| | 1/1/2016 | 12/31/2016 | 52 | 52 | $ 9.00 | $ 13.50 | $ 1,087.50 | $ 750.00 | $ 18.75 | $ 28.13 |
| | 1/1/2017 | 9/14/2017 | 37 | 51 | $ 11.00 | $ 16.50 | $ 1,101.75 | $ 780.00 | $ 19.50 | $ 29.25 |
| | 9/15/2017 | 12/31/2017 | 15 | 44 | $ 11.00 | $ 16.50 | $ 897.00 | $ 780.00 | $ 19.50 | $ 29.25 |
| | 1/1/2018 | 12/31/2018 | 52 | 42 | $ 13.00 | $ 19.50 | $ 913.75 | $ 850.00 | $ 21.25 | $ 31.88 |
| | 1/1/2019 | 8/14/2019 | 32 | 41 | $ 15.00 | $ 22.50 | $ 881.88 | $ 850.00 | $ 21.25 | $ 31.88 |
| | 8/15/2019 | 11/14/2019 | 13 | 41 | $ 15.00 | $ 22.50 | $ 881.88 | $ 850.00 | $ 21.25 | $ 31.88 |
| | | | | | | | | | | |
| | | | | | | | | | | |
| **Asuncion Albino Castillo** | 12/1/2018 | 12/31/2018 | 4 | 58 | $ 13.00 | $ 19.50 | $ 1,088.75 | $ 650.00 | $ 16.25 | $ 24.38 |
| | 1/1/2019 | 12/13/2019 | 49 | 58.3 | $ 15.00 | $ 22.50 | $ 1,171.94 | $ 695.00 | $ 17.38 | $ 26.06 |
| | | | | | | | | | | |
| | | | | | | | | | | |
| **Braulio Moreno Flores** | 6/19/2015 | 12/31/2015 | 28 | 65 | $ 8.75 | $ 13.13 | $ 1,162.50 | $ 600.00 | $ 15.00 | $ 22.50 |
| | 1/1/2016 | 9/14/2016 | 37 | 65 | $ 9.00 | $ 13.50 | $ 1,162.50 | $ 600.00 | $ 15.00 | $ 22.50 |
| | 9/15/2016 | 12/31/2016 | 15 | 55 | $ 9.00 | $ 13.50 | $ 937.50 | $ 600.00 | $ 15.00 | $ 22.50 |
| | 1/1/2017 | 12/31/2017 | 52 | 49 | $ 11.00 | $ 16.50 | $ 802.50 | $ 600.00 | $ 15.00 | $ 22.50 |
| | 1/1/2018 | 10/31/2018 | 43 | 49 | $ 13.00 | $ 19.50 | $ 802.50 | $ 600.00 | $ 15.00 | $ 22.50 |
| | 11/1/2018 | 12/31/2018 | 9 | 45 | $ 13.00 | $ 19.50 | $ 897.75 | $ 756.00 | $ 18.90 | $ 28.35 |
| | 1/1/2019 | 12/9/2019 | 49 | 41 | $ 15.00 | $ 22.50 | $ 784.35 | $ 756.00 | $ 18.90 | $ 28.35 |
| | | | | | | | | | | |
| | | | | | | | | | | |
| **Antonio Quirino Ruiz** | 4/1/2018 | 9/30/2018 | 26 | 55 | $ 13.00 | $ 19.50 | $ 812.50 | $ 350.00 | $ 8.75 | $ 13.13 |
| | 1/1/2019 | 1/31/2019 | 4 | 51 | $ 15.00 | $ 22.50 | $ 847.50 | $ 350.00 | $ 8.75 | $ 13.13 |
| | 2/1/2019 | 3/15/2019 | 6 | 42 | $ 15.00 | $ 22.50 | $ 645.00 | $ 546.00 | $ 13.00 | $ 19.50 |
| | | | | | | | | | | |
| | | | | | | | | | | |
| **Obed Dominguez Garcia** | 9/1/2017 | 11/14/2017 | 11 | 59 | $ 11.00 | $ 16.50 | $ 890.50 | $ 767.00 | $ 13.00 | $ 19.50 |
| | 11/15/2017 | 12/31/2017 | 7 | 56 | $ 11.00 | $ 16.50 | $ 832.00 | $ 728.00 | $ 13.00 | $ 19.50 |
| | 1/1/2018 | 12/31/2018 | 52 | 58 | $ 13.00 | $ 19.50 | $ 871.00 | $ 754.00 | $ 13.00 | $ 19.50 |

| | 1/1/2019 | 4/14/2019 | 15 | 57 | $ 15.00 | $ 22.50 | $ 982.50 | $ 741.00 | $ 13.00 | $ 19.50 |
| | 4/15/2019 | 8/16/2019 | 18 | 51 | $ 15.00 | $ 22.50 | $ 847.50 | $ 714.00 | $ 14.00 | $ 21.00 |
| | | | | | | | | | | |
| | | | | | | | | | | |
| **TOTAL DAMAGES** | | | | | | | | | | |
| | | | | | | | | | | |
| **NYLL - SOL** | **6/19/2015** | | | | | | | | | |
| **NYLL Amendment Date** | **4/9/2011** | | 1 | **This chart is based upon preliminary information and the expected testimony of P** | | | | | | |
| **FLSA - SOL** | **6/18/2018** | | 2 | **Plaintiffs reserve the right to correct or amend this chart.** | | | | | | |
| **Filing Date** | **6/17/2021** | | 3 | **This Chart was prepared without the benefit of discovery, or the benefit of Defend** | | | | | | |
| **Today's Date** | **6/29/2022** | | | | | | | | | |

| Unpaid Wages & OT | | |
|---|---|---|
| Underpayment Per Week | Total Unpaid Wages & OT | Liq. Damages on Wages & OT |
| $ 450.00 | $ 11,250.00 | $ 11,250.00 |
| $ 337.50 | $ 675.00 | $ 675.00 |
| $ 337.50 | $ 17,550.00 | $ 17,550.00 |
| $ 321.75 | $ 11,904.75 | $ 11,904.75 |
| $ 117.00 | $ 1,755.00 | $ 1,755.00 |
| $ 63.75 | $ 3,315.00 | $ 3,315.00 |
| $ 31.88 | $ 1,020.00 | $ 1,020.00 |
| $ 31.88 | $ 414.38 | $ 414.38 |
| Total: | $ 47,884.13 | $ 47,884.13 |
| | | |
| | | |
| $ 438.75 | $ 1,755.00 | $ 1,755.00 |
| $ 476.94 | $ 23,370.24 | $ 23,370.24 |
| Total: | $ 25,125.24 | $ 25,125.24 |
| | | |
| | | |
| $ 562.50 | $ 15,750.00 | $ 15,750.00 |
| $ 562.50 | $ 20,812.50 | $ 20,812.50 |
| $ 337.50 | $ 5,062.50 | $ 5,062.50 |
| $ 202.50 | $ 10,530.00 | $ 10,530.00 |
| $ 202.50 | $ 8,707.50 | $ 8,707.50 |
| $ 141.75 | $ 1,275.75 | $ 1,275.75 |
| $ 28.35 | $ 1,389.15 | $ 1,389.15 |
| Total: | $ 63,527.40 | $ 63,527.40 |
| | | |
| | | |
| $ 462.50 | $ 12,025.00 | $ 12,025.00 |
| $ 497.50 | $ 1,990.00 | $ 1,990.00 |
| $ 99.00 | $ 594.00 | $ 594.00 |
| Total: | $ 14,609.00 | $ 14,609.00 |
| | | |
| | | |
| $ 123.50 | $ 1,358.50 | $ 1,358.50 |
| $ 104.00 | $ 728.00 | $ 728.00 |
| $ 117.00 | $ 6,084.00 | $ 6,084.00 |

| | | |
|---|---|---|
| $ 241.50 | $ 3,622.50 | $ 3,622.50 |
| $ 133.50 | $ 2,403.00 | $ 2,403.00 |
| **Total:** | $ 14,196.00 | $ 14,196.00 |
| | | |
| | **$ 165,341.77** | **$ 165,341.77** |
| | | |
| **laintiffs.** | | |
| | | |
| **ants' required wage and hour records under th** | | |

| | Spread of Hours | | Pre-Judgment Interest | | Other Claims | | | |
|---|---|---|---|---|---|---|---|---|
| SOH Days per Week | Unpaid SOH Pay | Liq. Damages on Unpaid SOH Pay | PJI on Wages | PJI on SOH | Wage Notice | Wage Statement | Tools | TOTALS |
| 1 | $ 218.75 | $ 218.75 | $ 6,875.88 | $ 133.70 | $ 5,000.00 | $ 5,000.00 | $ 405.00 | $ 40,352.07 |
| 1 | $ 17.50 | $ 17.50 | $ 396.24 | $ 10.27 | | | | $ 1,791.51 |
| 1 | $ 468.00 | $ 468.00 | $ 9,473.59 | $ 252.63 | | | | $ 45,762.22 |
| 1 | $ 407.00 | $ 407.00 | $ 5,511.87 | $ 188.44 | | | | $ 30,323.81 |
| 1 | $ 165.00 | $ 165.00 | $ 733.59 | $ 68.97 | | | | $ 4,642.55 |
| 1 | $ 676.00 | $ 676.00 | $ 1,192.35 | $ 243.15 | | | | $ 9,417.49 |
| 1 | $ 480.00 | $ 480.00 | $ 292.56 | $ 137.67 | | | | $ 3,430.23 |
| | $ - | $ - | $ 102.60 | $ - | | | | $ 931.35 |
| | $ 2,432.25 | $ 2,432.25 | $ 24,578.67 | $ 1,034.83 | $ 5,000.00 | $ 5,000.00 | $ 405.00 | $ 136,651.24 |
| | | | | | | | | |
| | $ - | $ - | $ 558.97 | $ - | $ 5,000.00 | $ 5,000.00 | | $ 14,068.97 |
| | $ - | $ - | $ 6,354.40 | $ - | | | | $ 53,094.89 |
| $ - | $ - | $ - | $ 6,913.38 | $ - | $ 5,000.00 | $ 5,000.00 | $ - | $ 67,163.86 |
| | | | | | | | | |
| | $ - | $ - | $ 9,593.22 | $ - | $ 5,000.00 | $ 5,000.00 | | $ 51,093.22 |
| | $ - | $ - | $ 11,511.82 | $ - | | | | $ 53,136.82 |
| | $ - | $ - | $ 2,571.74 | $ - | | | | $ 12,696.74 |
| | $ - | $ - | $ 4,735.15 | $ - | | | | $ 25,795.15 |
| | $ - | $ - | $ 3,197.42 | $ - | | | | $ 20,612.42 |
| | $ - | $ - | $ 411.05 | $ - | | | | $ 2,962.55 |
| | $ - | $ - | $ 378.40 | $ - | | | | $ 3,156.70 |
| $ - | $ - | $ - | $ 32,398.80 | $ - | $ 5,000.00 | $ 5,000.00 | $ - | $ 169,453.60 |
| | | | | | | | | |
| | $ - | $ - | $ 4,328.14 | $ - | $ 5,000.00 | $ 5,000.00 | $ 70.00 | $ 38,448.14 |
| | $ - | $ - | $ 618.61 | $ - | | | | $ 4,598.61 |
| | $ - | $ - | $ 179.23 | $ - | | | | $ 1,367.23 |
| $ - | $ - | $ - | $ 5,125.99 | $ - | $ 5,000.00 | $ 5,000.00 | $ 70.00 | $ 44,413.99 |
| | | | | | | | | |
| | $ - | $ - | $ 578.07 | $ - | $ 5,000.00 | $ 5,000.00 | | $ 13,295.07 |
| | $ - | $ - | $ 298.83 | $ - | | | | $ 1,754.83 |
| | $ - | $ - | $ 2,188.31 | $ - | | | | $ 14,356.31 |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | $ - | $ - | $ 1,093.49 | $ - | | | | $ 8,338.49 |
| | $ - | $ - | $ 657.82 | $ - | | | | $ 5,463.82 |
| $ - | $ - | $ - | $ 4,816.51 | $ - | $ 5,000.00 | $ 5,000.00 | $ - | $ 43,208.51 |
| | | | | | | | | |
| **$ -** | **$ 2,432.25** | **$ 2,432.25** | **$ 73,833.34** | **$ 1,034.83** | **$ 25,000.00** | **$ 25,000.00** | **$ 475.00** | **$ 460,891.20** |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| **e FLSA and NYLL.** | | | | | | | | |
| | | | | | | | | |

# CSM Legal P.C.
60 East 42nd Street
Suite 4510
New York, NY 10165

Ph:(212) 317-1200              Fax:(212) 317-1620

Alejandro Rojas Martinez                                           June 30, 2022

|                |                | File #: | LaMiaPizza21 |
|----------------|----------------|---------|--------------|
| **Attention:** |                | Inv #:  | Sample       |

**RE:**      1:21-cv-05335 Rojas Martinez et al v. East Side Pizza Corp. et al

| DATE | DESCRIPTION | HOURS | AMOUNT | LAWYER |
|------|-------------|-------|--------|--------|
| Nov-09-21 | Drafted e-mail to JR re: mediation | 0.10 | 40.00 | WO |
| Nov-19-21 | Drafted e-mail to defense counsel re: Confidentiality Agreement | 0.10 | 40.00 | WO |
| Nov-22-21 | Reviewed Confidentiality Agreement | 0.80 | 320.00 | WO |
| Nov-29-21 | Reviewed documents produced by Defendants | 4.60 | 1,840.00 | WO |
|  | Drafted e-mail to mediator re: logistics | 0.10 | 40.00 | WO |
|  | Drafted mediaiton statement | 2.50 | 1,000.00 | WO |
| Nov-30-21 | Drafted e-mail to JR re: mediaiton | 0.20 | 80.00 | WO |
|  | Drafted e-mail to mediator re: mediation statement | 0.10 | 40.00 | WO |
|  | Reviewed and editted damages chart | 0.50 | 200.00 | WO |
|  | Reviewed, revised, and submitted mediation statement | 0.80 | 320.00 | WO |
|  | Reviewed documents produced by Defendants | 0.50 | 200.00 | WO |
| Dec-01-21 | Attended mediation | 0.40 | 160.00 | WO |

| | | | | |
|---|---|---|---|---|
| Jan-27-22 | Tele-conference with clients | 0.50 | 200.00 | WO |
| | Drafted e-mail to defense counsel re: quesitons about certain documents produced by Defendants | 0.10 | 40.00 | WO |
| | Reviewed file in advance of mediation | 0.80 | 320.00 | WO |
| Jan-28-22 | Attended mediation | 0.80 | 320.00 | WO |
| Feb-08-22 | Tele-conference with client | 0.30 | 120.00 | WO |
| Mar-01-22 | Drafted, edited, and filed  status report | 0.30 | 120.00 | WO |
| Mar-03-22 | Tele-conference with clients | 0.50 | 200.00 | WO |
| Mar-15-22 | Drafted e-mail to AL re: settlement | 0.10 | 40.00 | WO |
| | Drafted and filed  letter to the Court re: mediaiton referral | 0.30 | 120.00 | WO |
| | Telephone conversaiton with defense counsel re: settlement | 0.20 | 80.00 | WO |
| Mar-17-22 | Drafted e-mail to defense counsel re: mediation dates | 0.10 | 40.00 | WO |
| Mar-21-22 | Drafted e-mail to mediator re: mediation dates | 0.10 | 40.00 | WO |
| Apr-12-22 | Drafted e-mail to defense counsel re: status report | 0.10 | 40.00 | WO |
| | Drafted and filed status report | 0.30 | 120.00 | WO |
| May-04-22 | Telephone conversation with mediator | 0.20 | 80.00 | WO |
| | Attended mediation | 2.40 | 960.00 | WO |
| | Drafted letter to the Court re: settlement | 0.20 | 80.00 | WO |
| May-05-22 | Revised and filed  letter with the Court re: settlement | 0.20 | 80.00 | WO |
| May-24-22 | Drafted settlement agreement and fairness letter | 3.20 | 1,280.00 | WO |

| Jun-01-22 | Drafted e-mail to defense counsel re: status | 0.10 | 40.00 | WO |
|---|---|---|---|---|
|  | Drafted and filed application with the Court re: submission of fairness materials | 0.30 | 120.00 | WO |
| Jun-06-22 | Reviewed Defendants' proposed changes to the settlement agreement | 0.40 | 160.00 | WO |
| Jun-07-22 | Drafted e-mail to defense counsel re: settlement agreement | 0.10 | 40.00 | WO |
| Jun-08-22 | Drafted e-mail to defense counsel re: settlement agreement | 0.10 | 40.00 | WO |
| Jun-17-22 | Drafted application to the Court re: extension of time to file settlement agreement. | 0.30 | 120.00 | WO |
| Jun-23-22 | Revised settlement agreement | 0.30 | 120.00 | WO |
| Jun-24-22 | Drafted e-mail to defense counsel re: status | 0.10 | 40.00 | WO |
|  | Drafted application to the Court re: extension of time to file settlement agreement. | 0.30 | 120.00 | WO |
| Jun-30-22 | Compiled fairness materials for submission | 0.30 | 120.00 | WO |
|  | Totals | 23.70 | $9,480.00 |  |

**DISBURSEMENTS**

| Jun-17-21 | Filing Fee |  | 400.00 |
|---|---|---|---|
|  | Totals |  | $400.00 |
|  | **Total Fee & Disbursements** |  | **$9,880.00** |
|  | **Balance Now Due** |  | **$9,880.00** |